**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAVIS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 CV 6521 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| NEFTALI CARDENAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Almost thirty years ago, the Seventh Circuit held that "all *pro se* litigants, not just prisoners, are entitled to notice of the consequences of failing to respond to a summary judgment motion." *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). Here, the record on summary judgment raises a question about the adequacy of the notice accompanying the plaintiff's motion for summary judgment. Because the notice does not satisfy the requirements of the controlling Seventh Circuit cases, the court denies plaintiff's motion for an immediate ruling on its motion for summary judgment.

Background

Defendant Naftali Cardenas ("Cardenas") left the employ of Savis, Inc. ("Savis"), to take a job with a Savis client in September 2018. Savis brought this lawsuit later that month primarily in an effort to enforce noncompetition clauses in employment contracts signed by Cardenas.

On September 27, 2018, Savis filed a motion for a temporary restraining order and preliminary injunction; the motion was noticed for presentment on an emergency basis the next

1

day. *See Savis, Inc. v. Cardenas*, 2018 WL 5279311, at *1 (N.D. Ill. Oct. 24, 2018) (describing procedural twists and turns that occurred between September 25 and October 3, 2018). On October 3, 2018, Cardenas flew from Oklahoma and appeared before this court for a hearing, but apparently unbeknownst to Cardenas, Savis had re-noticed the hearing for a later date. Savis's lawyer was summoned and appeared in open court. This court recruited counsel to represent Cardenas. The minutes of the October 3, 2018, hearing explain: "The record makes clear that defendant had a substantial income until recently. But he also recently accepted a position with a new employer, and the purpose of plaintiff's motion for a temporary restraining order and preliminary injunction is to prevent defendant from working for his new employer." ECF No. 20 (Oct. 3, 2018). Savis's motion for a preliminary injunction was denied on October 24, 2018, 2018 WL 5279311, and discovery began. At the conclusion of discovery, it became clear that Cardenas was no longer eligible for recruited counsel, although the court was persuaded that while Cardenas had means and was not indigent, his modest means were insufficient to retain counsel for a case of this complexity. Nevertheless, the court felt itself compelled to discharge Cardenas's recruited lawyer in September 2019, leaving him self-represented, a.k.a. *pro se*. ECF No. 113.

The parties then attempted to settle the case with the assistance of Judge Cole, but they could not reach an agreement. ECF No. 125 (Jan. 24, 2020). Savis filed a motion for summary judgment in June 2020. ECF No. 139.

Under the amended briefing schedule (*see* ECF No. 150), Cardenas's response to Savis's motion for summary judgment was due July 29, 2020, and any reply was due August 10, 2020. The response deadline came and went, but Cardenas filed nothing.

2

On August 6, 2020, Savis filed a "motion for a ruling" (ECF No. 152) on its summary judgment motion. The motion for ruling essentially sought summary judgment by default based on Cardenas's failure to file a timely response.

Later the same day, Cardenas filed an eight-page response to Savis's motion for summary judgment. ECF No. 154. To date, Cardenas has filed no affidavits, deposition transcripts, or other exhibits. *See* Fed. R. Civ. P. 56(c). In his response, Cardenas contradicts many of Savis's factual statements. He mixes his factual assertions, which he sometimes calls "objections," with citations to legal authorities. *See, e.g., id*. at 2-5. Cardenas cites nothing to back up his claims about the facts, however. Based both on Savis's summary judgment filings and on statements made in open court by Cardenas's recruited counsel, fairly extensive discovery appears to have occurred, including the production of documents, and the depositions of one or more of Savis's employees. Not only has Cardenas filed none of that material, he also has not filed a separate response to Savis's Local Rule 56.1(a)(3) statement of material facts.

## Analysis

The deficiencies in Cardenas's response prompted an inquiry into the notice he received of the consequences of failing to respond adequately to a summary judgment motion. The record shows that Savis sent and filed the notice to a *pro se* litigant required by Local Rule 56.2. Local Rule 56.2 is intended to comply with the Seventh Circuit's mandate in *Timms*, cited above, and the case it extended, *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). *Clabault v. Shodeen Management*, 2007 WL 1468557, at *2 (N.D. Ill. May 16, 2007). The rule includes a form

notice, reproduced in the margin, that must be served on any *pro se* party along with a summary judgment motion.[1]  The notice must also be filed on the docket.

*Timms* and *Lewis* rest on a recognition of the reality that "the need to answer a summary judgment motion with counter-affidavits is 'contrary to lay intuition.'"  *Timms*, 953 F.2d at 285 (quoting *Lewis*, 689 F.2d at 102).  Just giving a self-represented litigant "time [to respond] is not enough, because it is not realistic to impute to a [person] without legal background the awareness of [the consequences of] failing to respond with an opposing affidavit to a motion for summary judgment."  *Kincaid v. Vail*, 969 F.2d 594, 599 (7th Cir. 1992) (quoting *Ross v. Franzen*, 777 F.2d 1216, 1219 (7th Cir. 1985)).  Thus, *Timms* and *Lewis* hold that "all *pro se* litigants, not just prisoners, are entitled to notice of the consequences of failing to respond to a summary judgment motion . . . . includ[ing] both the text of Rule 56(e) and a short and plain statement in ordinary

---

[1] Notice to *pro se* litigant opposing motion for summary judgment: The defendant has moved for summary judgment against you.  This means that the defendant is telling the judge that there is no disagreement about the important facts of the case.  The defendant is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument about what the law is.

In order to defeat the defendant's request, you need to do one of two things:  you need to show that there is a dispute about important facts and a trial is needed to decide what the actual facts are or you need to explain why the defendant is wrong about what the law is.

Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court.  These rules are available at any law library.  Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts.  If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant.  You also need to explain how the documents or declarations that you are submitting support your version of the facts.  If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should not be considered.

In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case.  You may rely upon your own declaration or the declarations of other witnesses.  A declaration is a signed statement by a witness.  The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated.  If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

If you choose to do so, you may offer the Court a list of facts that you believe are in dispute and require a trial to decide.  Your list of disputed facts should be supported by your documents or declarations.  It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position.  If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to.

Finally, you should explain why you think the defendant is wrong about what the law is.

English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Timms*, 953 F.2d at 285 (quoting *Lewis* 689 F.2d at 102).

Cardenas received the Local Rule 56.2 notice, but the notice did not get the message across. The failure to give the notice required by *Lewis* and *Timms* may be excused if the party opposing summary judgment has not been prejudiced. *Kincaid*, 969 F.2d at 599 (citing *Timms*, 953 F.2d at 286).

Cardenas's attempt at a summary judgment response shows that prejudice abounds here. Despite receiving the Local Rule 56.2 notice, Cardenas apparently did not appreciate how important it is to respond adequately to Savis's summary judgment motion or perhaps even what an adequate response requires. Cardenas has told this court that he has no legal training. He has a four-year college degree and works in a scientific field. *See Savis*, 2018 WL 5279311, at *2, 4. His failure to respond to Savis's Local Rule 56.1(a)(3) statement of facts and his failure to file any affidavits or other summary judgment material runs the risk of every fact Savis asserts being treated as true and undisputed. *See, e.g., Greer v. Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001).

Cardenas's experience with the Local Rule 56.2 notice suggests strongly that it is not as helpful to *pro se* litigants as it could be. Reading the notice, one is left to wonder: what exactly do I need to do to oppose summary judgment, and when do I have to do it? For example, the notice gives the litigant several options and states, "It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to." But normally, assumptions

5

can be challenged. When will the judge make the assumption the notice is talking about, and will the *pro se* litigant get a chance to say something about the assumption at a hearing? The closest the notice comes to an answer is a vague warning that the party moving for summary judgment is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument. As far as this court can tell from Cardenas's response, he appears to assume, wrongly, that he will have some opportunity to tell this court at a hearing why there should be a trial. The assumption would hardly be unreasonable given what he has been told.[2]

       In context, the language of the Local Rule 56.2 notice has the same defect as a statement in a party's brief found inadequate in *Timms*: "To establish that a genuine dispute exists, plaintiff must show more than that there is 'some evidence' controverting the Postal Service's proof—she must produce enough evidence to make a determination in her favor possible." 953 F.2d at 285. That statement was problematic, the Seventh Circuit explained, because a non-lawyer "could reasonably have believed, like the hypothetical lay person in *Lewis*, that she would have an opportunity to argue the evidence before the court at a hearing or at trial." *Id*. at 286. A non-lawyer receiving the Local Rule 56.2 notice might well leave with exactly the same impression, as Cardenas apparently did here.[3] This case shows that easy to understand language providing clarity about the meaning of summary judgment—something *Timms* and *Lewis* require—is missing from the Local Rule 56.2 notice.

---

[2] Cardenas has been consistently conscientious throughout this litigation, but he has made many mistakes due to a lack of legal knowledge such as going to Rockford rather than Chicago for his first court hearing.

[3] In this district, most *pro se* litigants are prisoners who have jailhouse lawyers to help them navigate summary judgment. The Local Rule 56.2 notice appears to have been written primarily with these prisoners in mind.

Local Rule 56.2 is missing something else *Timms* and *Lewis* require. The notice states that Federal Rule of Civil Procedure 56(e) can be found in any law library. Putting to one side the many barriers that people unable to afford a lawyer are likely to face in accessing a law library, the notice's cross-reference to Rule 56 does not satisfy *Lewis*. The Seventh Circuit held in *Lewis* and *Timms* that notice to a *pro se* litigant "should include both the text of Rule 56(e) and a short and plain statement in ordinary English that any factual assertion in the movant's affidavits will be taken as true by the district court unless the non-movant contradicts the movant with counter-affidavits or other documentary evidence." *Timms*, 953 F.2d at 285 (citing *Lewis*, 689 F.2d at 102). The Seventh Circuit has held at least twice that *Timms* and *Lewis* require the sending of two distinct things to a *pro se* litigant: (1) a copy of the text of Rule 56; and (2) a plain English warning comprehensible to the *pro se* litigant. *Kincaid*, 969 F.2d at 599 (quoting *Lewis*, 689 F.2d at 102; *Morris v. City of Chi.*, 545 F. App'x 530, 531-32 (7th Cir. 2013) (unpublished) (holding that Local Rule 56.2 notice did not give the *pro se* plaintiff the notice required by *Timms* and *Lewis*). Since Savis did not include a copy of any portion of Federal Rule of Civil Procedure 56 with its Local Rule 56.2 notice to Cardenas, Cardenas has not received the fair opportunity to respond to Savis's summary judgment motion *Lewis* and *Timms* require.

## Conclusion

Savis did what the local rules required it to do. Having reviewed Cardenas's response, however, together with relevant Seventh Circuit authority, this court has been compelled to conclude that what the local rules required is insufficient.

Because Cardenas has not received the notice required by the Seventh Circuit, Savis's motion for an immediate ruling on its summary judgment motion is denied. If the party moving

7

for summary judgment fails to give adequate notice to a *pro se* party, the task falls to the court. *Timms*, 953 F.2d at 285. The court provides the required notice in an attachment to this Memorandum Opinion and Order.

      To afford Cardenas the fair opportunity to respond required by *Timms* and *Lewis*, his deadline to respond to Savis's motion for summary judgment is extended to and including September 4, 2020, and Savis will have 14 days (September 18, 2020) to file a reply.

                                             /s/
                                      Joan B. Gottschall
                                      United States District Judge

Dated: August 14, 2020

**Attachment to Memorandum Opinion and Order Dated August 14, 2020**

Notice to Pro Se Defendant Cardenas
Regarding Plaintiff's Motion for Summary Judgment

Savis has filed a motion for summary judgment. Summary judgment is a request by the moving party (Savis) to end this case with a judgment in Savis's favor without any trial. If you fail to contest Savis's motion successfully according to the rules, Savis will win this case, and there will be no trial.

A motion for summary judgment says two things: (1) there is no dispute about any material (important) fact so no trial is necessary (in a trial, a judge or jury resolves disputed facts, so if there are no material disputed facts, no trial is necessary); and (2) the law that governs this case, when applied to the facts set forth by Savis in its summary judgment motion, requires that judgment be granted in Savis's favor. Summary judgment is a "trial" on the papers based on the contention, made by the moving party, that no material facts are in dispute and the law requires a judgment in that party's favor. Judges usually rule on summary judgment motions based solely on the papers filed by the parties. No hearing is held.

This court has a help desk for litigants who represent themselves without the assistance of lawyers (*pro se* litigants). It is staffed by volunteer attorneys, and you can make a remote appointment with one of them by filling out the application on the court's website (https://hibbler-memorial-pro-se-assistance-program.appointlet.com/s/32638) or sending an email to **hibbler@legalaidchicago.org.**

If you need additional time either to speak with one of these volunteers before you respond or for any other valid reason, you have the right to ask the judge to extend your response deadline. You can do that by filing a written motion explaining to the judge why you need an

9

extension and how much of an extension you need. The motion must be filed and mailed to counsel for Savis, but, due to the pandemic, it need not be noticed for hearing.

**The rules allow you to file four separate categories of documents in response to the motion for summary judgment.** You must file each as a separate document. You will get a copy of Local Rule 56.1 and Federal Rule of Civil Procedure 56 with this notice. Those rules contain the formal legal requirements for your responses, and they are the ultimate authority, not this notice. If you find anything in this notice or the rules confusing and need help, that is one of the purposes for the *pro se* help desk. The court has done its best to explain the rules, but it is the rules that control, not anything this court says.

**First, you must respond to Savis's fact statement**. This is called a Response to Savis's Fact Statement. Savis has filed a list of facts it claims are undisputed. Each numbered paragraph of its list cites affidavits (a sworn and notarized statement), depositions, transcripts, and other types of evidence that can be considered at summary judgment. This is also called "summary judgment material," and it is the only thing the court can look at in deciding whether or not summary judgment should be granted in Savis's favor. Your response must also include numbered paragraphs, each responding to Savis's numbered paragraphs. You can agree with Savis that a fact Savis lists is *undisputed* or you can say that the fact Savis lists is *disputed*. If you take the position that the fact is disputed, just saying so is not enough. You must point the court to where in an affidavit (or a declaration, which is a sworn statement that is not notarized), deposition transcript, or other summary judgment material the court can find the fact that supports your position that there is a dispute.[4] As an example, if the party moving for summary judgment lists as an undisputed fact that a traffic light was green and cites a witness deposition in

---

[4] Although you may be very familiar with this case, the judge will be seeing a lot of the evidence for the first time.

10

support, and you claim that the light was red, you must state in your correspondingly numbered paragraph that the light was red and cite a document (such as the page of a witness deposition or sworn affidavit or declaration) that says the light was red. If you do not do so, then the court is required to accept that the light was green.

*Any factual assertion made by Savis and adequately supported by summary judgment material (defined above) will be taken as true by the district court unless you contradict the factual assertion with summary judgment material: deposition excerpts, declarations, affidavits, or other documentary evidence.*

The formal legal definition of summary judgment material can be found in Federal Rule of Civil Procedure 56(c), and Rule 56(e) explains how a fact dispute is created.

You must pay attention to the definition of summary judgment material. You cannot keep your case alive for trial by pointing to the complaint or to the answer or even to factual statements in your memorandum of law (described below). You have to point to an affidavit, a deposition transcript, or some other summary judgment material to create a fact dispute. If you do not, the law requires the judge to accept your opponent's fact statement as true.

**Second, you need to file a document called a Memorandum of Law.** The Memorandum of Law should contain your legal arguments about why there should be a trial— either because there are material factual disputes or because the applicable law is different from what the moving party has argued. You can mention facts in this document, but only if they are cited and supported in your response as described above (or in the Statement of Additional Facts, described below). If your facts appear *only* in your memorandum, the court cannot consider them.

**The third document you can file is called a Statement of Additional Facts.** This is your chance to tell the court any facts in addition to the other side's facts that you think are important and require a trial. Local Rule 56.1(b)(3) lists the requirements for the Statement of Additional Facts. As in your Response to Savis's Fact Statement (described above), you must point to the affidavits, deposition transcripts, or other summary judgment material supporting each paragraph of the Statement of Additional Facts. Savis has the chance to respond to your Statement of Additional Facts if you file one.

**Fourth, you need to file any affidavits, deposition transcripts, and other summary judgment material that support the facts you set forth in your Response to Savis's Fact Statement or your Statement of Additional Facts.** Do not forget this step. The court can consider only papers and documents that have been filed and served on the other side.

## Federal Rule 56. Summary Judgment

 **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures**.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party;or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief**. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

## Northern District of Illinois Local Rule 56.1. Motions for Summary Judgment

**a) Moving Party**. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file—

> (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);
>
> (2) a supporting memorandum of law; and
>
> (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:
>
>> (A) a description of the parties, and
>>
>> (B) all facts supporting venue and jurisdiction in this court.

The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion. Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact.

If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(C) will be deemed admitted unless controverted by the statement of the moving party.

**(b) Opposing Party.** Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—

> (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);
>
> (2) a supporting memorandum of law; and
>
> (3) a concise response to the movant's statement that shall contain:
>
>> (A) numbered paragraphs, each corresponding to and stating a concise summary of the paragraph to which it is directed, and
>>
>> (B) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>>
>> (C) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the

affidavits, parts of the record, and other supporting materials relied upon. Absent prior leave of Court, a respondent to a summary judgment motion shall not file more than 40 separately-numbered statements of additional facts. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.